IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES E. M. PEEL, | ) |
| | ) |
|         Petitioner, | ) |
| | ) |
| vs. | )   No. 03-CV-639-TCK-PJC |
| | ) |
| LENORA JORDAN, Warden, | ) |
| | ) |
|         Respondent. | ) |

## **OPINION AND ORDER**

Before the Court is Petitioner's petition for writ of habeas corpus (Dkt. # 1). Respondent filed a response (Dkt. # 7) to the petition. Petitioner, a state inmate appearing *pro se*, has not filed a reply. For the reasons discussed below, the Court finds that the petition should be denied as procedurally barred.

### *BACKGROUND*

The record before the Court reveals that on November 18, 2002, Petitioner confessed the allegations contained in an Application to Revoke suspended sentence filed in Tulsa County District Court, Case No. CF-1999-3906. As a result, he was sentenced to two (2) years in custody. Petitioner was represented by counsel when he stipulated to the allegations in the application to revoke.

Petitioner did not file a written notice of appeal within ten (10) days of the imposition of the revocation Judgment and Sentence in open court as required to perfect an appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). However, Petitioner filed an application for post-conviction relief seeking an appeal out of time. By order filed May 13, 2003, the district court denied the application, finding that Petitioner had clearly been advised of his right to appeal from the

revocation order. See Dkt. # 7, Ex. A. Petitioner appealed and on July 16, 2003, in No. PC-2003-0562, the OCCA affirmed the denial of an appeal out of time finding that "[t]he record does not support Petitioner's contention that he was denied an appeal through no fault of his own and the remaining issues have been waived." (Dkt. # 7, Ex. B).

Petitioner filed the instant petition for writ of habeas corpus on September 17, 2003 (Dkt. # 1), identifying one claim: that he was denied an appeal from the order revoking his parole through no fault of his own. (Dkt. # 1). In support of his claim, Petitioner states:

> trial counsel had plain legal duty to file notice of appeal. Peel did not waive his appeal right. He did not direct counsel to abandon the appeal. The State has assumed he waived his right of appeal from a silent record. Knowing he did not do so. He had a valid ground of appeal as his revocation was defective as a matter of law, and the grounds seeking revocation are reasons probation is often awarded to defendants, where mitigating facts like Peel's were present, such as in this case.

(Dkt. # 1). In response to the petition, Respondent contends Petitioner's claim is not cognizable on habeas corpus review. See Dkt. # 7. In the alternative, Respondent asserts Petitioner's claim is procedurally barred. Respondent has included in his response the Affidavit of Petitioner's attorney, James Maier. (Dkt. # 7, Ex. C).

## *ANALYSIS*

### A.   **Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds the exhaustion requirement is satisfied in this case. The Court also finds that an evidentiary hearing is not necessary as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

2

**B.     Procedural Bar**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.), cert. denied, 115 S.Ct. 1972 (1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991), cert. denied, 502 U.S. 1110 (1992)). To determine whether a state procedural bar is an adequate and independent ground to bar federal review of a constitutional claim, this Court must apply the state's rule in effect at the time of the purported procedural default. Barnett v. Hargett, 174 F.3d 1128, 1134 (10th Cir. 1999).

Applying the principles of procedural default to this case, the Court concludes that any claim challenging the validity of the revocation proceeding is procedurally barred. The state court's procedural bar as applied to Petitioner's claim was an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bar was an "adequate" state ground because the OCCA consistently declines to review claims which could have been but were not raised on direct appeal. Okla. Stat. tit. 22, § 1086.

As a result of Petitioner's procedural default, this Court may not consider a claim challenging the validity of the revocation order unless Petitioner is able to show "cause and prejudice" for the

3

default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 510 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Although Petitioner did not file a reply to Respondent's response, Petitioner alleges in his petition that trial counsel had plain legal duty to file notice of appeal and that he did not direct counsel to abandon the appeal. (Dkt. # 1). The Court finds that this claim amounts to a claim of ineffective assistance of counsel for failing to take steps necessary for initiation of the appeal process. It is well established that to prevail on an ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); United States v. Cook, 45 F.3d 388, 394-95 (10th Cir. 1995). The Strickland test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. Strickland, 466 U.S. at 687. To satisfy the deficient performance prong of the test, Petitioner must overcome a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance [that] . . . might be considered sound trial strategy." Brecheen v. Reynolds, 41 F.3d 1343, 1365 (10th Cir. 1994) (citations omitted). "A claim of ineffective assistance must be reviewed from the

perspective of counsel at the time and therefore may not be predicated on the distorting effects of hindsight." Id. (citations omitted).  Finally, the focus of the first prong is "not what is prudent or appropriate, but only what is constitutionally compelled." Id.  To establish the prejudice prong of the test, Petitioner must show that the allegedly deficient performance prejudiced the defense; namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.  Failure to establish either prong of the Strickland standard will result in denial of relief. Id. at 696.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court discussed counsel's obligations in cases following a conviction by a jury or where the defendant, convicted on a plea of guilty, instructs the attorney to file an appeal but the attorney fails to do so. According to the Supreme Court, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. The Tenth Circuit Court of Appeals has determined that where a defendant is convicted on a plea of guilty and does not indicate to his attorney an intention to appeal, "[a]n attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea.  Failure to notify the defendant of this limited right is not in itself ineffective assistance." Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989) (citations omitted).  Counsel has a duty to inform the defendant of the limited right to appeal from a guilty plea only "if the defendant inquires about an appeal right," or "[i]f a claim of error is made on constitutional grounds, which could result in setting aside the plea." Id. at 1188.  Counsel has a duty to inform the defendant of his appeal rights based on

5

error of constitutional magnitude if "counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to the that claim." Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir. 1992) (quotation omitted).

In this case, the record demonstrates that despite being informed by the trial court of his right to appeal, Petitioner failed to perfect an appeal following his confession to the application to revoke. See Dkt. # 7, Ex. A. Petitioner presents nothing to indicate that his attorney had any reason to know of an error of constitutional magnitude or that Petitioner desired to withdraw his plea. Petitioner does not claim that he instructed his attorney to file a notice of appeal. The Court finds that under the facts of this case, Petitioner's attorney had no duty to confer with him concerning his appeal rights during the 10-day period following entry of the revocation order. As a result, the Court finds Petitioner has failed to satisfy the deficient performance prong of the Strickland standard. Therefore, Petitioner's claim of ineffective assistance of counsel cannot serve as "cause" to overcome the procedural bar.

Furthermore, pursuant to the habeas corpus statute, a "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, Petitioner argued in his state post-conviction proceedings that he had been denied an appeal through no fault of his own. However, he provided no documentation or any evidence in support of his self-serving and conclusory assertions. The OCCA concluded that Petitioner had failed to demonstrate he was denied an appeal through no fault of his own. That finding of fact is entitled to a presumption of correctness under § 2254(e)(1).

Petitioner has the burden of overcoming the presumption of correctness by clear and

convincing evidence. Again, in this case, Petitioner provides nothing in support of his claim. After reviewing the record, the Court finds Petitioner has failed to overcome the presumption of correctness afforded the OCCA's finding of fact that Petitioner failed to demonstrate denial of an appeal through no fault of his own. Petitioner is not entitled to relief under § 2254(e)(1).

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). However, Petitioner does not contend that he is actually innocent of the allegations in the application to revoke. As a result, the Court finds that the "fundamental miscarriage of justice" exception to the procedural default doctrine has no application to this case.

Because Petitioner has failed to show "cause and prejudice" or that he falls within the "fundamental miscarriage of justice" exception to the procedural bar doctrine, the Court finds the claim raised by Petitioner is procedurally barred.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment shall be entered in this case.

DATED THIS 5th day of October, 2006.

*Terence C Kern*
TERENCE C KERN
United States District Judge

7